IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DANIEL PADILLA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOMINO'S PIZZA, INC. and CONVERSENOW TECHNOLOGIES, INC.,<br><br>Defendants. | Civil Action No. 2:24-cv-12812-SJM-EAS<br><br>Hon. Stephen J. Murphy III |

**DEFENDANT CONVERSENOW TECHNOLOGIES, INC.'S MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a) OR, ALTERNATIVELY, DISMISS PURSUANT TO RULE 12(b)(6)**

Pursuant to 28 U.S.C. § 1404(a), Fed. R. Civ. P. 12(b)(6), and other governing rules and case law, Defendant ConverseNow Technologies, Inc. ("ConverseNow" or "Defendant"), by its undersigned counsel, hereby files this Motion to Transfer Under 28 U.S.C. § 1404(a) or, Alternatively, Dismiss Pursuant to Rule 12(b)(6) (this "Motion to Transfer or Dismiss"). In support of this Motion to Transfer or Dismiss, ConverseNow state as follows:

1. This Motion to Dismiss is based on ConverseNow's Memorandum of Law in Support of the Motion to Transfer or Dismiss ("Memorandum of Law"), which is filed contemporaneously herewith and incorporated by reference herein.

1

2. As discussed in ConverseNow's Memorandum of Law, the Court should transfer this civil action against ConverseNow pursuant to 28 U.S.C. § 1404(a), since each and all of the factors under Section 1404 favor transfer to California federal court: (i) the convenience of the parties, (ii) the convenience of the witnesses, (iii) the relative ease of access to sources of proof, (iv) the availability of process to compel attendance of unwilling witnesses, (v) the cost of obtaining willing witnesses, (vi) the practical problems associated with trying the case most expeditiously and inexpensively, and (vii) the interests of justice. Plaintiff's claims and allegations against ConverseNow focus exclusively on alleged conduct in California, in connection with California citizens, and in purported violation of a California state law.

3. Accordingly, this civil action against ConverseNow should be transferred to California federal court. Defendant Domino's Pizza, Inc. ("Domino's") takes the position that it is not subject to personal jurisdiction in the State of California. The case, therefore, should be severed, given the different factual and legal issues raised by the claims against ConverseNow, on the one hand, and Domino's, on the other.

4. If this Court declines to transfer this civil action against ConverseNow, despite the substantial reasons to do so, the Court should dismiss this civil action for failure to state a plausible claim against ConverseNow under either CIPA Section 631 (Plaintiff's Count I) or Section 632 (Plaintiff's Count II).

5. Plaintiff's Count I against ConverseNow fails because: (1) ConverseNow, a software vendor to Domino's, is not considered a "third-party" eavesdropper under

governing law; (2) Plaintiff has failed to adequately allege a cognizable "interception" of any communications; (3) Plaintiff does not (and cannot) plead the requisite "intent" by ConverseNow to deliberately intercept communications in purported violation of this criminal statute.

6. Plaintiff's Count II (under CIPA Section 632) also fails because of those deficiencies. In addition, Plaintiff does not (and cannot) allege and prove that Plaintiff had an objectively reasonable expectation that his telephone pizza order, and interactions with an automated voice, would not be recorded.

WHEREFORE, for the reasons set forth herein, and in ConverseNow's Memorandum of Law in Support of its Motion to Transfer or Dismiss, ConverseNow respectfully requests that this Honorable Court enter an order: (a) granting this Motion to Transfer or Dismiss, (b) transferring this civil action against ConverseNow to the Central District of California or, alternatively, (c) dismissing Plaintiff's Sections 631 and 632 claims against ConverseNow, with prejudice, and (d) granting such further relief that this Honorable Court deems just and proper.

Respectfully submitted,

/s/ *Hillard M. Sterling*
Hillard M. Sterling (960264)
**ROETZEL & ANDRESS, LPA**
70 W. Madison St., Ste. 3000
Chicago, IL 60602
*Counsel for ConverseNow Technologies, Inc.*