**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| DANIEL PADILLA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOMINO'S PIZZA, INC. and CONVERSENOW TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 2:24-cv-12812-SJM-EAS<br><br>Hon. Stephen J. Murphy III |

**DOMINO'S PIZZA, INC.'S**
**MOTION TO DISMISS**

Defendant Domino's Pizza, Inc. moves to dismiss the Complaint as to Domino's Pizza, Inc. pursuant to Federal Rules of Civil Procedure 8(a) and 12(b) for failure to state a claim upon which relief can be granted under Cal. Penal Code § 631(a).

This Motion is supported by the accompanying brief, supporting declaration and exhibits, any reply brief, and such other written and oral arguments as may be presented to this Court.

Per Local Rule 7.1(a) and the Practice Guidelines for Judge Murphy, undersigned counsel certifies that counsel for Domino's Pizza, Inc. spoke with opposing counsel over the phone on December 18, 2024, and explained the nature of and reasons for the instant motion to dismiss. Counsel for Domino's Pizza, Inc. sought concurrence, but opposing counsel respectfully denied concurrence.

WHEREFORE, Domino's Pizza, Inc. respectfully requests that this Court enter an order granting this Motion to Dismiss and dismissing Plaintiff's Complaint with respect to Domino's Pizza, Inc. with prejudice.

Dated: December 20, 2024

Respectfully submitted,

*<u>/s/ Edward J. Hood</u>*
Edward J. Hood (MI 42953)
**CLARK HILL PLC**
500 Woodward Ave., Suite 3500
Detroit, MI 48226
T: (313) 965-8300
<u>ehood@clarkhill.com</u>

David Horniak (CA 268441)
Sergio Valente (DC 90018462)
**DLA PIPER LLP (US)**
500 Eighth Street, N.W.
Washington, D.C. 20004
T: (202) 799-4000
david.horniak@us.dlapiper.com
sergio.valente@us.dlapiper.com

Oliver M. Kiefer (CA 332830)
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
T: (858) 677-1400
F: (858) 677-1401
oliver.kiefer@us.dlapiper.com

*Counsel for Defendant*
Domino's Pizza, Inc.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| DANIEL PADILLA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOMINO'S PIZZA, INC. and CONVERSENOW TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 2:24-cv-12812-SJM-EAS<br><br>Hon. Stephen J. Murphy III |

**DOMINO'S PIZZA, INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

Edward J. Hood
**CLARK HILL PLC**
500 Woodward Ave., Suite 3500
Detroit, MI 48226
T: (313) 965-8300
ehood@clarkhill.com

David Horniak
Sergio Valente
**DLA PIPER LLP (US)**
500 Eighth Street, N.W.
Washington, D.C. 20004
T: (202) 799-4000
david.horniak@us.dlapiper.com
sergio.valente@us.dlapiper.com

Oliver M. Kiefer
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
T: (858) 677-1400
F: (858) 677-1401
oliver.kiefer@us.dlapiper.com

*Counsel for Defendant*
Domino's Pizza, Inc.

# TABLE OF CONTENTS


**INDEX OF EXHIBITS** .......... vi

**STATEMENT OF THE ISSUES PRESENTED** .......... vii

**CONTROLLING AND/OR MOST APPROPRIATE AUTHORITIES** .......... viii

**INTRODUCTION** .......... 1

**STATEMENT OF FACTS** .......... 3

**LEGAL STANDARD** .......... 7

**ARGUMENT** .......... 7

I. Domino's Pizza, Inc. Is Not Directly Liable Under Section 631(a). .......... 8

II. Domino's Pizza, Inc. Is Not Derivatively Liable Under Section 631(a). .......... 12

A. Plaintiff Does Not Plausibly Allege that Domino's Pizza, Inc. Harbored the Requisite *Mens Rea*. .......... 12

B. Plaintiff Fails to State a Claim Against Domino's Pizza, Inc. Because He Fails to State a Claim Against ConverseNow. .......... 18

**CONCLUSION** .......... 18

# INDEX OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
556 U.S. 662 (U.S. 2009)....................................................................7

*B.K. v. Desert Care Network*,
2024 WL 1343305 (C.D. Cal. Feb. 1, 2024) ....................................14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................................................................7, 15

*Cody v. Boscov's, Inc.*,
658 F. Supp. 3d 779 (C.D. Cal. 2023) ............................................17

*Commer. Money Ctr., Inc. v. Ill. Union Ins.*,
508 F.3d 327 (6th Cir. 2007) .......................................................4, 7

*Cousin v. Sharp Healthcare*,
681 F. Supp. 3d 1117 (Cal. S.D. 2023), *vacated on other grounds by*
2024 WL 1184702 (S.D. Cal. Mar. 18, 2024) ..................................13

*Davis v. Facebook Inc.*,
956 F.3d 589 (9th Cir. 2020) ...........................................................11

*Decoration Design Sols., Inc. v. Amcor Rigid Plastics USA, Inc.*,
553 F. Supp. 3d 424 (E.D. Mich. 2021) ..............................................4

*Erie Cnty. v. Morton Salt, Inc.*,
702 F.3d 860 (6th Cir. 2012) .............................................................7

*Esparaza v. Uag Escondindo A1 Inc.*,
2024 WL 3761293 (S.D. Cal. Aug. 5, 2024)...............................13, 14

*Garcia v. Domino's Pizza, Inc.*,
2024 WL 4378851 (N.D. Ill. Sept. 30, 2024).......................................3

*Global Network Commc'ns. Inc. v. City of New York*,
458 F.3d 150 (2d Cir. 2006) ...............................................................5

*Good Meat Project v. Good Meat, Inc.*,
716 F. Supp. 3d 783 (N.D. Cal. 2024)....................11

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021)....................17

*Gregory Vill. Partners, L.P. v. Chevron USA, Inc.*,
805 F. Supp. 2d 888 (N.D. Cal. 2011)....................9

*United States* ex rel. *Harper v. Muskingum Watershed Conservancy Dist.*,
842 F.3d 430 (6th Cir. 2016) ....................16

*Heiting v. Taro Pharms. USA, Inc.*,
709 F. Supp. 3d 1007 (C.D. Cal. 2023) ....................12, 15

*Helwig v. Vencor, Inc.*,
210 F.3d 612 (6th Cir. 2000), *rev'd on other grounds*, 251 F.3d 540 (6th Cir. 2001) (en banc) ....................10

*Henneberry v. Sumitomo Corp. of Am.*,
2005 WL 1036260 (S.D.N.Y. May 3, 2005) ....................9

*Kearney v. Salomon Smith Barney, Inc.*,
137 P.3d 914 (Cal. 2006)....................14

*Kramer v. Time Warner, Inc.*,
937 F.2d 767 (2d Cir. 1991) ....................10

*Licea v. Am. Eagle Outfitters, Inc.*,
659 F. Supp. 3d 1072 (C.D. Cal. 2023)....................17

*Licea v. Old Navy, LLC*,
669 F. Supp. 3d 941 (C.D. Cal. 2023)....................8, 18

*In re Omnicare, Inc. Sec. Litig.*,
769 F.3d 455 (6th Cir. 2014) ....................10

*Pena v. Gamestop, Inc.*,
670 F. Supp. 3d 1112 (S.D. Cal. 2023)....................12

*Peters v. Kaleyra, Inc.*,
2024 WL 4333143 (D. Del. Sept. 27, 2024)....................4

*Rodriguez v. Ford Motor Co.*,
722 F. Supp. 3d 1104 (S.D. Cal. 2024)....................14

*Sarah Car Care, Inc. v. LogistiCare Sols., LLC*,
2024 WL 100199 (E.D. Pa. Jan. 9, 2024)....................5

*Shreeve v. Rayes*,
2021 WL 269922 (E.D. Mich. Jan. 27, 2021)....................11

*Smith v. GM LLC*,
988 F.3d 873 (6th Cir. 2021)....................15

*Smith v. Yeti Coolers, LLC*,
--- F. Supp. 3d ---, 2024 WL 4539578 (N.D. Cal. Oct. 21, 2024)....................13, 14

*Warden v. Kahn*,
160 Cal. Rptr. 471 (Ct. App. 1979)....................11

*Weiser v. Benson*,
48 F.4th 617 (6th Cir. 2022)....................10

*Yale v. Clicktale, Inc.*,
2021 WL 1428400 (N.D. Cal. Apr. 15, 2021)....................17

**Statutes**

Cal. Penal Code § 630....................4, 6, 16

Cal. Penal Code § 631(a)....................*passim*

Cal. Penal Code § 632....................6

**Rules**

Fed. R. Civ. P. 12(b)(6)....................7, 10

Fed. R. Evid. 201(b)....................10

**Other Authorities**

16 C.F.R. § 436.5 (2007)....................10

*Franchise E-Filing*, Wis. Dep't of Fin. Inst., https://apps.dfi.wi.gov/apps/FranchiseSearch/MainSearch.aspx?W7chLupbe6b9302G5NbEg6sPXzyqSqjSomHGF64iJXSJTKpigDgVnZQnhnLDyl4WiXazhZOwdAKPAZBtbH8PLrNhpZHD5YojyNEXbj1PNumf1QFyc6UCiw%3d%3d (last visited Dec. 13, 2024) ....................10

*SEC Filing Details*, Dominos, at 34, https://ir.dominos.com/node/22566/html (last visited Dec. 20, 2024) ....................3

## INDEX OF EXHIBITS


| Exhibits | Page(s) |
|---|---|
| Exhibit A – Declaration of Oliver M. Kiefer | 1 |
| Ex. 1– API License Agreement | 4 |
| Ex. 2 – Domino's Pizza Franchising LLC Franchise Disclosure Document | 24 |
| Ex. 3 – ConverseNow Cloud Based ordering Software | 565 |

## STATEMENT OF THE ISSUES PRESENTED

1. Does the Complaint fail to allege plausibly that Domino's Pizza, Inc. is directly liable under California Penal Code § 631(a)?

   Answer: Yes.

2. Does the Complaint fail to allege plausibly that Domino's Pizza, Inc. is derivatively liable under California Penal Code § 631(a)?

   Answer: Yes.

## CONTROLLING AND/OR MOST APPROPRIATE AUTHORITIES

As to why the Complaint fails to allege direct liability under Cal. Penal Code § 631(a) against Domino's.

- *Warden v. Kahn*, 160 Cal. Rptr. 471 (Ct. App. 1979)
- *Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007 (C.D. Cal. 2023)

As to why the Complaint fails to allege adequate *mens rea* for derivative liability under Cal. Penal Code § 631(a) against Domino's.

- *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)
- *Smith v. Yeti Coolers, LLC*, --- F. Supp. 3d ---, 2024 WL 4539578 (N.D. Cal. Oct. 21, 2024)

As to why the Complaint fails to allege direct liability against ConverseNow and thus derivative liability against Domino's.

- *Licea v. Old Navy, LLC*, 669 F. Supp. 3d 941 (C.D. Cal. 2023)

## INTRODUCTION

Plaintiff Daniel Padilla sued Domino's Pizza, Inc. because ConverseNow Technologies, Inc. ("ConverseNow") allegedly violated California Penal Code § 631(a) by wiretapping his call to a Domino's-branded store in Delano, California, without his consent. But Domino's Pizza, Inc. had absolutely nothing to do with Plaintiff's call. Domino's Pizza, Inc. is a publicly traded holding company that does not own or operate any stores in California. That includes the Delano store, which is an independent franchise. Plaintiff's Section 631(a) claim against Domino's Pizza, Inc. should be dismissed.

*First*, Plaintiff has not plausibly alleged that Domino's Pizza, Inc. is directly liable under Section 631(a) for ConverseNow's alleged wiretapping. He has not plausibly alleged that Domino's Pizza, Inc. participated in his call because he relies entirely on a conclusory (and provably false) allegation that Domino's Pizza, Inc. owns and controls the Delano store. Alternatively, even if Plaintiff's conclusory (and provably false) allegation were credited for the purpose of this motion, then that would mean that Domino's Pizza, Inc. was an *intended* party to Plaintiff's call. That also precludes direct liability under Section 631(a). Either way, Plaintiff has not stated a direct liability claim against Domino's Pizza, Inc.

*Second*, Plaintiff has not plausibly alleged that Domino's Pizza, Inc. is derivatively liable for ConverseNow's alleged wiretapping because he has not

alleged that Domino's Pizza, Inc. *knew and intended* for ConverseNow to wiretap the call. Section 631(a) is a criminal statute that requires *mens rea* on the part of the alleged violator. But Plaintiff makes only conclusory allegations regarding Domino's Pizza, Inc.'s supposed *mens rea*, which this Court need not accept as true. It is not plausible that Domino's Pizza, Inc. intended to conceal from franchise customers that the franchisee was using ConverseNow's technology to facilitate their calls—particularly where a fast, simple, and very common disclosure that "this call is being monitored or recorded" would extinguish any Section 631(a) liability. And the licensing agreement between Domino's Pizza, Inc.'s subsidiary and ConverseNow expressly contradicts any such inference by requiring ConverseNow to agree to follow all applicable laws (including Section 631(a)), requiring that it "only process customer order data and Confidential Information in strict compliance with the direction and instructions of" the franchisee, and prohibiting it from using customer data "for [itself]." Ex. A ("Kiefer Decl.") at 22.[1] Thus, Plaintiff has not adequately pleaded *mens rea* to establish derivative liability.

This Court should dismiss Plaintiff's claim against Domino's Pizza, Inc. with prejudice.

---

[1] Per Judge Murphy's Practice Guidelines, all page numbers refer to the "PgID" number.

## STATEMENT OF FACTS

Domino's Pizza, Inc. is a publicly traded Delaware holding company that has no employees and sells no products. *Garcia v. Domino's Pizza, Inc.*, 2024 WL 4378851, at *2 (N.D. Ill. Sept. 30, 2024); *see generally SEC Filing Details*, Dominos, https://ir.dominos.com/node/22566/html (last visited Dec. 20, 2024). Approximately 99% of Domino's-branded global stores owned and operated by independent franchisees as of December 31, 2023. *SEC Filing Details*, Dominos, at 34, https://ir.dominos.com/node/22566/html (last visited Dec. 20, 2024). Domino's Pizza, Inc. and its subsidiaries do not own or operate any Domino's-branded stores in California; those stores are all independent franchises. Kiefer Decl., Ex. 2 at 108 (listing all states where Domino's Pizza, Inc.'s subsidiaries directly operate stores and excluding California).

As part of the above-described franchising operations, indirect subsidiaries of Domino's Pizza, Inc. sometimes enter into agreements with various product- and service-providers to facilitate franchisees' use of those products and services. They do not, however, require franchisees to utilize those products or services. Nor do they dictate all aspects of how those products or services will operate or be deployed. When franchisees wish to take advantage of those products or services, they contract directly with the product- or service-providers.

One such service provider is ConverseNow. ConverseNow describes itself as a technology company that uses "voice AI" to help restaurants improve their order-intake efficiency. Compl., ECF No. 1, ¶¶ 13–16. According to the Complaint, ConverseNow deploys virtual assistants that take customers' orders and payment information as if they were talking to an ordinary representative and pass the orders along to the restaurant. *Id.* ¶¶ 16, 32. The technology appeals to restaurants because it reduces their labor costs and "ensures all orders are taken and no customer is left unanswered." *Id.* ¶ 38.

Domino's Pizza Distribution, LLC ("DPD"), an indirect subsidiary of Domino's Pizza, Inc., entered into an API License Agreement with ConverseNow on October 22, 2023.[2] In that agreement, DPD licensed certain of DPD's application

[2] This Court may consider the API License Agreement because it is "referred to in the pleadings" and "integral to the claims." *Commer. Money Ctr., Inc. v. Ill. Union Ins.*, 508 F.3d 327, 335–36 (6th Cir. 2007); *see also Decoration Design Sols., Inc. v. Amcor Rigid Plastics USA, Inc.*, 553 F. Supp. 3d 424, 427 (E.D. Mich. 2021) (Murphy, J.) (considering a price quotation attached to a motion to dismiss because it was "mentioned in the complaint" and "the terms of the document [were] central to determining the merits of the claims"). Here, Plaintiff not only refers to and relies on the alleged terms of the licensing agreement in the Complaint, *see* Compl. ¶¶ 3, 36, 40, but Plaintiff expressly alleges the licensing agreement as the basis for Domino's Pizza, Inc.'s supposed Section 631(a) derivative liability. *See id.* ¶ 3 ("The nature of Defendants' licensing agreements with each other are such that Domino's [Pizza, Inc.] 'aids, agrees with, employs or conspires' to permit Defendant ConverseNow to read, attempt to read, learn, and/or use the communications of Domino's [Pizza, Inc.] customers without prior consent, thus violating the California Invasion of Privacy Act ('CIPA'), Cal. Penal Code §§ [*sic*] 631(a)."). Thus, the licensing agreement is integral to Plaintiff's claim "because [the claim] depend[s] on what it says." *Peters v. Kaleyra, Inc.*, 2024 WL 4333143, at *3 (D. Del. Sept.

programming interfaces and their associated tools and documentation to ConverseNow so that ConverseNow could utilize that intellectual property to develop a service offering for franchisees. *See* Kiefer Decl., Ex. 1, at 5. Its terms do not specify the details of that service offering or require franchisees to use the service. *See generally id.* Rather, the agreement expressly contemplates that each franchisee who elects to use ConverseNow's services will independently execute an agreement directly with ConverseNow as well as a "Rider to Services Agreement" in which ConverseNow and the franchisee will agree to certain terms. *See id.* at 4, 20. Among other things, that rider (1) requires ConverseNow to "comply with all applicable laws, rules, regulations, or ordinances applicable to its performance under" its agreement with the franchisee, (2) instructs that ConverseNow will "only process customer order data and Confidential Information in strict compliance with the direction and instructions of" the franchisee, and (3) prohibits ConverseNow

---

27, 2024); *Sarah Car Care, Inc. v. LogistiCare Sols., LLC*, 2024 WL 100199, at *3 (E.D. Pa. Jan. 9, 2024) ("A document is considered integral to the complaint . . . if it 'by its very existence . . . gives rise to the legal rights asserted' in the complaint." (internal quotation omitted)); *see also Global Network Commc'ns. Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint."). The "Rider to Services Agreement" referred to in the API Licensing Agreement and attached to it is publicly available because it is also attached to the 2024 Franchise Disclosure Document. Kiefer Decl., Ex. 2 at 559; *see also infra* n.4 (discussing the Franchise Disclosure Document).

"from using the customer order data (e.g., customer name, customer contact details, customer delivery address, order details, etc.) and summaries thereof or any Confidential Information collected during the order taking process or accessed and received in the provision of services" for ConverseNow's own purposes. *Id.* at 20–21. Domino's Pizza, Inc. is not a party to the API Licensing Agreement.

Plaintiff alleges that he called a Domino's-branded store in Delano, California on August 30, 2024. Compl. ¶ 5. That store, like all Domino's-branded stores in California, is an independent franchise owned and operated by a franchisee. Kiefer Decl., Ex. 2 at 130 (including the Delano store in a list of franchise stores); *see also id.* at 107 (listing all nonfranchise Domino's stores and showing none in California). Plaintiff alleges that an automated voice greeted him on the call and offered to take his order, and that he was unaware that the automated voice was administered by ConverseNow, rather than by the individual store he had called. Compl. ¶¶ 5–6.

Based on the foregoing allegations, Plaintiff sued Domino Pizza, Inc. and ConverseNow under the California Information Privacy Act, Cal. Penal Code ("CIPA") § 630 *et seq.* Compl. ¶ 53. As to Domino's Pizza, Inc., he alleges that Domino's-branded stores' use of ConverseNow's technology constitutes an illegal wiretap under CIPA § 631(a) because he did not know his call would be listened to or recorded by a third party.[3] *Id.* ¶¶ 56–60. He seeks to certify a class of other callers

[3] Plaintiff alleges a second claim under CIPA § 632 against only ConverseNow. *See*

to Domino's-branded stores in California that utilize ConverseNow's technology. *Id.* ¶¶ 41–42.

**LEGAL STANDARD**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the well-pleaded allegations must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (U.S. 2009). Although the Court must accept all well-pleaded facts as true, "conclusory allegations or conclusions of law dressed up as facts" do not state a claim for relief. *Erie Cnty. v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012). Finally, the Court may consider documents attached to a motion to dismiss if they are "referred to in the pleadings" and "integral to the claims." *Commer. Money Ctr.*, 508 F.3d at 335–36.

**ARGUMENT**

Plaintiff brings only a single claim against Domino's Pizza, Inc.—that it violated Section 631(a). His allegations fail to state plausibly that claim.

Section 631(a) is a criminal statute that includes four prongs. Specifically, a defendant may be liable under Section 631(a) if it:

---

Compl. ¶¶ 65–72.

> (1) "intentionally taps, or makes any unauthorized connection, . . . with any . . . instrument of any internal telephonic communication system";
>
> (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit";
>
> (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained"; or
>
> (4) "aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section."

Cal. Penal Code § 631(a). The first three prongs involve direct liability, and the fourth prong implicates derivative liability. *Licea v. Old Navy, LLC*, 669 F. Supp. 3d 941, 946 (C.D. Cal. 2023) (distinguishing between direct and derivative liability under Section 631(a)). Plaintiff fails to allege plausibly either form of liability against Domino's Pizza, Inc.

## I. Domino's Pizza, Inc. Is Not Directly Liable Under Section 631(a).

Plaintiff does not plausibly allege that Domino's Pizza, Inc. is directly liable under Section 631(a)'s first three prongs. Those prongs criminalize (1) intentional wiretapping, (2) willfully learning or attempting to learn the contents or meaning of a communication in transit over a wire, and (3) attempting to use or communicate information obtained from engaging in (1) or (2). Cal. Penal Code § 631(a). Plaintiff fails to state a claim under these prongs because he does not (and cannot) plausibly allege that Domino's Pizza, Inc. participated in his call. Alternatively,

even if the Court were to credit Plaintiff's conclusory (and demonstrably false) allegation that Domino's Pizza, Inc. owned and controlled the Delano store, that would mean that Domino's Pizza, Inc. was an intended party to Plaintiff's call—which also precludes direct liability under Section 631(a).

*First*, the Complaint does not plausibly allege that Domino's Pizza, Inc. played a role in the alleged call. Plaintiff alleges that he called "the Domino's Pizza store located in Delano, California" on August 30, 2024. Compl. ¶ 5. The Complaint further suggests, in conclusory fashion, that Domino's Pizza, Inc. owns and controls the Delano store. *See* Compl. ¶¶ 6 (alleging that Plaintiff "placed an order for delivery with a Domino's [Pizza, Inc.] store"), 7 (alleging "Domino's [Pizza, Inc.] owns, operates, oversees, and controls the 'Domino's' brand of pizza restaurants").

The allegation that Domino's Pizza, Inc. owns and controls the Delano store is demonstrably false, and the Court should not accept the Complaint's bare legal conclusions about ownership and control without well-pleaded facts to support them. *See Gregory Vill. Partners, L.P. v. Chevron USA, Inc.*, 805 F. Supp. 2d 888, 897 (N.D. Cal. 2011) (rejecting conclusory allegation that defendant owned and operated a facility); *cf. Henneberry v. Sumitomo Corp. of Am.*, 2005 WL 1036260, at *3 (S.D.N.Y. May 3, 2005) ("Mere conclusory statements alleging the exercise of" "direction and control" by one entity over another entity "are insufficient to survive

a motion to dismiss."). The store Plaintiff called is owned and operated by an independent franchise, not Domino's Pizza, Inc., as shown in Domino's Pizza Franchising LLC's publicly available, FTC-mandated Franchise Disclosure Document.[4] *See* Kiefer Decl., Ex. 2 at 130 (including the Delano store in a list of franchise stores); *id.* at 107 (listing all direct-owned ("corporate") Domino's stores and showing none in California); *see also* 16 C.F.R. § 436.5 (2007) (describing the required disclosures in a Franchise Disclosure Document). This is further confirmed by the ConverseNow web page that Plaintiff cites and quotes in the Complaint,

[4] This Court may take judicial notice of the fact that the Delano Store is owned and operated by a franchisee because it is "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," namely, the FTC-mandated Franchise Disclosure Document. *See* Fed. R. Evid. 201(b). The 2024 Franchise Disclosure Document itself is publicly available and therefore also appropriate for judicial notice. *See Weiser v. Benson*, 48 F.4th 617, 620 n.3 (6th Cir. 2022) (taking judicial notice of a letter because it was "publicly available and there [was] no reason to doubt" its accuracy). "[I]f public records refute a plaintiff's claim, a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion . . . ." *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014). Here, there is no reason to question the accuracy of the 2024 Franchise Disclosure Document, and the document is publicly available on multiple state websites, such as the Wisconsin Department of Financial Institutions, *see Franchise E-Filing*, Wis. Dep't of Fin. Inst., https://apps.dfi.wi.gov/apps/FranchiseSearch/MainSearch.aspx?W7chLupbe6b9302G5NbEg6sPXzyqSqjSomHGF64iJXSJTKpigDgVnZQnhnLDyl4WiXazhZOwdAKPAZBtbH8PLrNhpZHD5YojyNEXbj1PNumf1QFyc6UCiw%3d%3d (last visited Dec. 13, 2024). *See Helwig v. Vencor, Inc.*, 210 F.3d 612, 618 n.10 (6th Cir. 2000) (taking judicial notice of documents filed with the Securities and Exchange Commission), *rev'd on other grounds*, 251 F.3d 540 (6th Cir. 2001) (en banc); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (same).

which makes no mention of Domino's Pizza, Inc. or any corporate stores and instead states that ConverseNow "[s]upport[s] 120+ Domino's *franchisees* and counting." *See* Kiefer Decl., Ex. 3 at 566 (emphasis added).[5] And the Complaint itself indicates that ConverseNow's technology is implemented by Domino's-branded *stores* using their existing phone lines, *see* Compl. ¶ 29—not by Domino's Pizza, Inc. or its subsidiaries. Thus, Plaintiff has not plausibly alleged that Domino's Pizza, Inc. had any involvement in his phone call such that it could be held directly liable under Section 631(a).

*Second*, and in the alternative, if the Court were to credit Plaintiff's conclusory allegation that Domino's Pizza, Inc. owns and controls the Delano store, that would exempt Domino's Pizza, Inc. from direct liability under Section 631(a). A party to a communication cannot eavesdrop on its own communication. *See Davis v. Facebook Inc.*, 956 F.3d 589, 607 (9th Cir. 2020); *Warden v. Kahn*, 160 Cal. Rptr. 471, 475 (Ct. App. 1979) (Section 631(a) applies "only to eavesdropping by a third party, and not the recording by a participant to the conversation"). To the extent

[5] The Court may consider this web page because the Complaint incorporates it by reference. The Complaint includes screenshots of the web page, quotes it, paraphrases it, and cites to it—although notably, the Complaint omits the word "franchisees" from its paraphrasing. Compl. ¶¶ 17, 29, 27 & nn.12, 13; *see Shreeve v. Rayes*, 2021 WL 269922, at *5 (E.D. Mich. Jan. 27, 2021) (court may consider documents incorporated into the complaint by reference); *Good Meat Project v. Good Meat, Inc.*, 716 F. Supp. 3d 783, 806 (N.D. Cal. 2024) (considering website where complaint included screenshots).

Plaintiff alleges that he believed he was calling a Domino's Pizza, Inc.-owned store, Compl. ¶ 5, that necessarily means Domino's Pizza, Inc. was an intended party to his call. Thus, if Plaintiff's allegations are credited, then Domino's Pizza, Inc. could not possibly be directly liable under Section 631(a). *See Pena v. Gamestop, Inc.*, 670 F. Supp. 3d 1112, 1118 (S.D. Cal. 2023) (dismissing Section 631(a) claim because defendant was "the party that was meant to, and did, receive Plaintiff's communications"); *Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1015 (C.D. Cal. 2023) (dismissing claim under Section 631(a) because plaintiff alleged she "believ[ed] that she was chatting with the Defendant" and "[t]herefore, any recording by Defendant directly, as opposed to vicariously through [a third party], would fall squarely within the party exception").

## II. Domino's Pizza, Inc. Is Not Derivatively Liable Under Section 631(a).

Plaintiff fails to state a claim for derivative liability against Domino's Pizza, Inc. under Section 631(a) because he fails to allege plausibly that Domino's Pizza, Inc. harbored the requisite *mens rea*. Alternatively, to the extent this Court holds Plaintiff has not plausibly alleged that ConverseNow violated Section 631(a), Plaintiff's derivative liability claim against Domino's Pizza, Inc. also fails.

### A. Plaintiff Does Not Plausibly Allege that Domino's Pizza, Inc. Harbored the Requisite *Mens Rea*.

To state a claim under Section 631(a)'s fourth prong, Plaintiff must plausibly allege that Domino's *knew* ConverseNow would wiretap customers' calls without

their consent and that it had the *purpose* of aiding ConverseNow in doing so. Section 631(a) is a criminal statute, and this *mens rea* requirement is embedded expressly in Section 631(a)'s text: "aids, agrees with, employs, or conspires with any person or persons *to unlawfully do, or permit, or cause to be done* any of the acts or things mentioned above in this section." Cal. Penal Code § 631(a) (emphasis added). Thus, "the defendant must be acting with the third party *in order to* have the third party perform acts that violate the statute." *Smith v. Yeti Coolers, LLC*, --- F. Supp. 3d ---, 2024 WL 4539578, at *4 (N.D. Cal. Oct. 21, 2024); *see also Esparaza v. Uag Escondindo A1 Inc.*, 2024 WL 3761293, at *2 (S.D. Cal. Aug. 5, 2024) ("The only way one could 'unlawfully' commit one of [the other prongs] is by acting 'intentionally' or 'willfully.'" (quoting Cal. Penal Code § 631(a))). "At the very least, that requires both knowledge of the conduct that will violate the statute and a purpose of aiding, agreeing with, or employing the third party to commit those acts." *Yeti Coolers*, 2024 WL 4539578, at *4. Thus, "a defendant who properly and lawfully provides information or access to a third party without any knowledge or intent that the third party will use the information in a manner that violates the statute" is not liable under prong four.[6] *Id.*

---

[6] Some trial court decisions addressing Section 631(a) derivative liability have focused on whether the statute incorporates the common-law aid-and-abet standard or applies some other, bespoke statutory standard. *Compare Cousin v. Sharp Healthcare*, 681 F. Supp. 3d 1117, 1130 (Cal. S.D. 2023) (rejecting aid-and-abet standard), *vacated on other grounds by* 2024 WL 1184702 (S.D. Cal. Mar. 18, 2024),

Courts regularly dismiss Section 631(a) derivative liability claims for failure to allege plausibly *mens rea*. *See, e.g.*, *Yeti Coolers*, 2024 WL 4539578, at *5; *Rodriguez v. Ford Motor Co.*, 722 F. Supp. 3d 1104, 1124 (S.D. Cal. 2024); *Esparza v. UAG Escondido A1 Inc.*, 2024 WL 3761293, at *2–3 (S.D. Cal. Aug. 5, 2024); *B.K. v. Desert Care Network*, 2024 WL 1343305, at *7 (C.D. Cal. Feb. 1, 2024).

Here, Plaintiff fails to allege plausibly that Domino's Pizza, Inc. knew of ConverseNow's alleged wiretapping and intended to aid it. It is well-settled that under Section 631(a), a simple advisement that a call will be monitored or recorded eliminates any Section 631(a) liability. *See Kearney v. Salomon Smith Barney, Inc.*, 137 P.3d 914, 930 (Cal. 2006) ("A business that adequately advises all parties to a telephone call, at the outset of the conversation, of its intent to record the call would not violate [Section 631(a)]."). Such advisements are a common and routine part of consumers' telephonic interactions with consumer-facing businesses. Plaintiff must therefore plausibly allege not only that there was no such advisement when he called the Delano store, but also that Domino's Pizza, Inc. *knew and intended* that

*with Rodriguez v. Ford Motor Co.*, 722 F. Supp. 3d 1104, 1123–24 (S.D. Cal. 2024) (applying aider-and-abettor standard). Most courts have concluded that it adopts the common law aid-and-abet standard. *See Esparza v. UAG Escondido A1 Inc.*, 2024 WL 3761293, at *2–3 (S.D. Cal. Aug. 5, 2024) (adopting aid-and-abet standard and referencing other courts that have done the same). That split of authority, however, is irrelevant here. Regardless of whether the statute adopts common-law aid-and-abet liability, there is broad consensus that it contains a *mens rea* requirement.

ConverseNow's technology would be implemented at the Delano store without such an advisement.

Plaintiff has not done so. The Complaint does not even attempt to allege expressly that Domino's Pizza, Inc. knew or intended that ConverseNow record the calls without customers' consent, let alone specific facts to make such an inference plausible. Instead, it simply recites Section 631(a)'s language that "[a]t all relevant times, Defendant Domino's [Pizza, Inc.] aided, agreed with, employed or otherwise enabled" ConverseNow's alleged misconduct "to accomplish the wrongful conduct at issue here." Compl. ¶ 60; *see also id.* ¶ 3 (similar); *id.* ¶ 36 (similar). Merely appending a defendant's name to the language of a statute is a classic "formulaic recitation of the elements" that does not "nudge[ ] [Plaintiff's] claims across the line from conceivable to plausible." *Bell Atl. Corp.*, 550 U.S. at 555, 570; *see Smith v. GM LLC*, 988 F.3d 873, 883 (6th Cir. 2021) ("[S]imply labeling a trade practice as deceptive in a complaint does not pass 12(b)(6) muster . . . ."). And while the Complaint alleges that Domino's Pizza, Inc. entered into a licensing agreement with ConverseNow to allow franchisees to sign up for ConverseNow's services, Compl. ¶ 3, the Complaint notably does *not* (and cannot) allege that the licensing agreement instructed that the calls be conducted without obtaining customer consent. The absence of such specific allegations supports dismissal. *See Heiting*, 709 F. Supp. 3d at 1019 ("While the Complaint alleges that Defendant paid Genesys to intercept

messages, it does not allege facts demonstrating Defendant acted with the requisite knowledge or intent to aid or abet [under Section 631(a)'s fourth prong] Genesys's purported CIPA violation."); *see also United States* ex rel. *Harper v. Muskingum Watershed Conservancy Dist.*, 842 F.3d 430, 439 (6th Cir. 2016) (affirming a 12(b)(6) dismissal because plaintiff failed to allege facts supporting *mens rea*, and a general, conclusory allegation of knowledge did not cure that defect).

Further, as a matter of common sense, it is *not* plausible that Domino's Pizza, Inc. knew and intended that ConverseNow administer calls without customers' consent. As discussed above, Domino's Pizza, Inc. is just a holding company. One of its subsidiaries entered into an API Licensing Agreement with ConverseNow so that ConverseNow could make available to franchise stores an optional tool for handling customer calls. As alleged in the Complaint, the objective of the ConverseNow relationship is simply to "save[ ] . . . money on the cost of labor and ensure[ ] all orders are taken and no customer is left unanswered when calling." Compl. ¶ 38. That purpose has nothing to do with whether a caller knows their call is being administered by ConverseNow. Consumers regularly encounter advisements that calls are being monitored or recorded, and Domino's Pizza, Inc. stands to gain nothing from ConverseNow or its franchisees not so advising customers.

Finally, the API Licensing Agreement itself confirms that Domino's Pizza, Inc. did not know about, or act with the purpose of aiding, ConverseNow's alleged participation in calls without customer consent. The licensing agreement is between DPD and ConverseNow—Domino's Pizza, Inc. is not even a party. Kiefer Decl., Ex. 1, at 5. It does not specify the content of ConverseNow's services and expressly contemplates that franchisees will enter into separate agreements with ConverseNow regarding those services. *Id.* at 4, 20. It requires ConverseNow and each franchisee to enter into a rider specifying that ConverseNow will follow the franchisee's—and *only* the franchisee's—"direction and instructions," requiring ConverseNow to comply with all applicable laws, and prohibiting ConverseNow from using customer information for its own purposes.[7] *Id.* at 18. If ConverseNow violated

[7] The prohibition on use of the information for ConverseNow's own purposes is relevant because there is no violation of Section 631(a) where a third-party participant was acting as "merely a tool" used by the defendant, as opposed to intercepting the information for some potential independent use. *See Licea v. Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072, 1083 (C.D. Cal. 2023); *Cody v. Boscov's, Inc.*, 658 F. Supp. 3d 779, 782 (C.D. Cal. 2023) (plaintiff must allege "facts suggesting that [third parties] are recording Defendant's customers' information for some use or potential future use beyond simply supplying this information back to Defendant"). A third party "that provides a software service that captures its clients' data, hosts it on [its] servers, and allows the clients to analyze their data" acts as a "service provider" to and an "extension of" the call recipient (here, the store), not an eavesdropper in violation of Section 631(a). *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832 (N.D. Cal. 2021); *see also Yale v. Clicktale, Inc.*, 2021 WL 1428400, at *3 (N.D. Cal. Apr. 15, 2021). In other words, the prohibition in the rider is inconsistent with alleged intent to engage in conduct that violates Section 631(a).

Section 631(a), it did so in contravention of the API Licensing Agreement and associated rider. It is not plausible that Domino's Pizza, Inc. knew about and intended that to happen.

### B. Plaintiff Fails to State a Claim Against Domino's Pizza, Inc. Because He Fails to State a Claim Against ConverseNow.

Alternatively, even if Plaintiff adequately alleged that Domino's Pizza, Inc. had the requisite *mens rea* under prong four, he would also need to allege plausibly that ConverseNow directly violated Section 631(a) to support a derivative liability claim against Domino's Pizza, Inc. *See Old Navy*, 669 F. Supp. 3d at 946. To the extent this Court finds that ConverseNow is not directly liable under Section 631(a), including for the reasons raised in ConverseNow's motion to dismiss, Plaintiff's derivative liability claim against Domino's Pizza, Inc. also fails. *See id.*

## CONCLUSION

The Court should dismiss Plaintiff's claim against Domino's Pizza, Inc. with prejudice.

Dated: December 20, 2024

Respectfully submitted,

*/s/ Edward J. Hood*
Edward J. Hood
**CLARK HILL PLC**
500 Woodward Ave., Suite 3500
Detroit, MI 48226
T: (313) 965-8300
ehood@clarkhill.com

David Horniak

Sergio Valente
**DLA PIPER LLP (US)**
500 Eighth Street, N.W.
Washington, D.C. 20004
T: (202) 799-4000
david.horniak@us.dlapiper.com
sergio.valente@us.dlapiper.com

Oliver M. Kiefer
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
T: (858) 677-1400
F: (858) 677-1401
oliver.kiefer@us.dlapiper.com

*Counsel for Defendant*
Domino's Pizza, Inc.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 20, 2024, the foregoing Motion to Dismiss as well as the Brief in Support of Domino's Motion to Dismiss and all attachments and exhibits thereto were electronically filed with the Clerk of the Court using the CM/ECF system and thereby served on the following counsel:

E. Powell Miller
Alec M. Leslie
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
epm@millerlawpc.com
malito.aleslie@bursor.com

Caroline C. Donovan
Joseph I. Marchese
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
cdonovan@bursor.com
jmarchese@bursor.com

*Counsel for Plaintiff*

Dated: December 20, 2024

*/s/ Edward J. Hood*
Edward J. Hood